## TISSOT *et al. v.* THROCKMORTON.

The objection, that a wife is improperly joined with the husband as party plaintiff, should be taken advantage of by demurrer, and comes too late on appeal.

Where in an action on a promissory note, the defence set up is, that the defendant executed said note as the consideration for a deed from plaintiff for certain land, under false and fraudulent representations that plaintiff had an interest therein, the defendant, if he would avoid payment, must offer to surrender the deed to be cancelled, so that both parties could have been remitted to their original rights.

APPEAL from the Superior Court of the city of San Francisco.

This was an action by Paul Tissot and Natividad Haro, his wife, on

a promissory note made by defendant to the wife during her marriage with her present husband.

The defence set up is, that the defendant had purchased an interest in a tract of land known as the " Protrero," from Julius K. Rose, who had purchased of Natividad Haro. That at the time of Rose's purchase, the title papers to the land had been lost, and the title was of no great value. That subsequently the original grant and other muniments of title were discovered, and it became certain that the grant would be confirmed, whereupon Natividad represented to defendant that the deed from her had been procured by fraud, and that she had received no consideration therefor, and that she had, and intended to assert, a claim to the land. That Rose was then absent from the State, and the defendant being influenced by the representations of Natividad, paid her $1250 in cash, and gave the note sued on, in consideration for a new deed, executed by Natividad. That subsequently defendant had discovered that the representations of Natividad were false and fraudulent, and that she had received and used the money paid by Rose for his deed, which was at that time fully equal to the value of the title to the land.

On the trial, the defendant moved for a continuance, which was overruled. The jury found a verdict for plaintiff. Defendant moved for a new trial, on the ground of accident and surprise, etc., newly discovered evidence, etc., and insufficiency of the evidence to justify the verdict, etc., which was overruled, and defendant appealed.

*D. W. Perley* for Appellant.

1. The first ground relied on by appellant for a reversal of the judgment is, that the complaint shows *no cause of action jointly* in the plaintiffs, and that it is utterly insufficient to sustain the judgment.

The note was made to Mrs. Paul Tissot. She was a *married woman* at the time, and it is clear that the legal right of action was in the husband alone.

There is no averment in the complaint, showing that the note was the separate property of the wife. This alone could authorize the husband and wife to join. There is no averment showing that the consideration flowed from the wife.

A promissory note is a personal chattel, and the legal right therein is vested absolutely in the husband. In McNeilage *v.* Holloway, 1 B. & Ald., 221, Lord Ellenborough said : " That a promissory note may be treated as a personal chattel in possession."

The same doctrine has been held in Massachusetts in the following cases : Shuttlesworth *v.* Noyes, 8 Mass., 229 ; Coon *v.* Manly, 12 Pick., 173.

The principle of the above cases is, that a prior note given or endorsed to the wife in her own name during the coverture, was to be considered as absolutely reduced into possession, and would therefore go to the administrator or executor of the husband, to the exclusion of her right of survivorship.

By the common law, marriage is an absolute gift to the husband of all the wife's personal chattels in possession, and a conditional gift of all her choses in action.   Buckley v. Collier, Salk., 114; 4 Mod. S. C., 156.

The same principle applies to all property which accrues to a *feme covert* during her coverture.   Com. Dig., Bar and Feme, E., 3 ; Palmer v. Trevor, 1 Vern., 261 ; Robinson v. Taylor, 2 Bro. C. C., 589 ; Keith v. Wombell, 8 Pick., 211; Russell v. Brooks, 7 Pick., 65 ; Barlow v. Bishop, 1 East., 432 ; Commonwealth v. Manly, 12 Pick., 175 ; 8 Mass., 229 ; Lynde v. Webb, 3 Cal. Rep., 83.

The only possible answer to this objection which appears to be fatal to respondent is, that the complaint *was not demurred to,* nor the objection taken in the *Court below.*

But it is contended that the statute reserves the right to make the objection at any time, that the *complaint does not state facts sufficient to constitute a cause of action.*

*This* ground of demurrer, and also that the Court has no jurisdiction, are never waived.   Prac. Act., § 45.

2. The next point relied on by appellant is, that the Court below erred in overruling the defendant's motion for a new trial.

[The argument upon this point as well as the grounds for the motion appearing in the record, are omitted, as the decision of the Court excludes their consideration.]

*B. S. Brooks* for Respondents.   No brief on file.

Mr. Justice HEYDENEFLT delivered the opinion of the Court.   Mr. Chief Justice MURRAY concurred.

The objection that the wife is improperly joined comes too late ; it should have been taken advantage of by demurrer.

The defence set up as a reason for a continuance, or for a new trial, is not maintainable in this form.   The defendant obtained for his note a deed to the land ; if he can avoid the payment, he must give up the land, or he should have offered to surrender the deed to be canceled, so that both parties could have been remitted to their original rights.

Judgment affirmed.