## BARRETT AND WIFE v. TEWKSBURY.

FOR injury, effected by deceit or otherwise, to the common property, or business carried on by means of the common property, the remedy is by the husband alone, without the wife.

So where plaintiffs—husband and wife—bring an action of damages for deceit, the complaint averring in effect that defendant's wife executed a deed of a certain lot to plaintiffs, who paid therefor $3,000—the purchase being induced by the fraudulent representations of defendant that his wife's title was perfect, etc.—and also that in consequence of this title proving worthless, plaintiffs lost the lot, with valuable improvements by them placed thereon, and that their business of hotel keeping conducted therein, and of street grading connected therewith, was destroyed, etc.: Held, that demurrer for misjoinder of plaintiffs lies; that the money paid for the lot, the lot itself and the business are on the face of the complaint common property, there being no averment that the wife had any separate interest in the money or in the business.

APPEAL from the Fourth District.

Action of deceit. The gist of the complaint is: that, in June, 1852, plaintiffs, who are and then were husband and wife, were resid-ing upon a lot in San Francisco as tenants of defendant; that they had but recently arrived in California, had never owned any real estate and were entirely ignorant of titles and of the manner of their acquisition; that defendant urged plaintiffs to purchase the lot, stating that the title was perfect and the lot free of incumbrances, and that, accordingly, relying on the representations of defendant, who was a physician in high repute for skill and integrity, they purchased said lot, paying defendant $3,000, a full price therefor, and receiving a deed from the wife of defendant, he as-

Barrett *v.* Tewksbury.

suring them that the lot was her separate property, and that such deed passed a perfect title to the lot; that all these representations, etc., were false, fraudulent, and done with intent to deceive and injure plaintiffs; that defendant well knew said lot was common property, and that no title could pass except by conveyance from him; that plaintiffs, after the purchase, expended about $5,000 in improvements, converting the small house on the lot into a hotel capable of accommodating thirty boarders; that in the fall of 1855 they were conducting said hotel successfully, and were also in a most prosperous way carrying on the business of grading streets and grading and filling up lots, employing in said business daily about thirty horses and carts, eighteen of which belonged to plaintiffs; that, to extend their business, they wished to borrow $5,000 on said house and lot, and that parties were ready to loan the money if the title proved good, but that on examination plaintiffs for the first time learned that the deed of defendant's wife was worthless—the money could not be obtained, and their business of hotel keeping and grading streets, etc., was destroyed, and their entire property lost; that after they discovered the worthlessness of their deed, they demanded of defendant that he execute a deed himself, stating to him the certain ruin to them if they could not borrow money on the lot; that he promised from time to time to make the deed, putting plaintiffs off now for one flimsy reason and then another; that finally he persuaded them to bring suit against him and wife to compel a deed, promising to make no defense, assigning as his motive some "mysterious marital relations," etc.; and that they brought such suit, which he obstinately contested, denying that the $3,000 was paid by plaintiff's wife, and that defendant and his wife had ever made plaintiffs any valid deed for the lot, and at last defeating the suit; that subsequently plaintiffs filed a bill in equity against defendant and wife to compel a deed, that this suit was also severely contested, but resulted in a decree ordering defendant to execute a deed to plaintiffs; that in consequence of these suits plaintiffs were put to great expense, and that, pending the first one, the lot was sold at Sheriff's sale, and purchased by one Ashbury, by an agreement with whom, plaintiffs have now the right to redeem the premises; and that defendant and wife,

further to oppress plaintiffs and cloud their title, have brought ejectment for the lot against Ashbury, and others holding under him, which suit is now pending. The complaint contains the usual averments as to the fraud and deceit practiced by defendant in relation to all the matters connected with the sale of the lot and the suits, and asks damages in $10,000.

Defendant demurred for misjoinder of plaintiffs, and also moved to strike out a considerable portion of the complaint, not material to be noticed. Demurrer sustained, and, plaintiffs not amending within the time allowed, final judgment for defendant. Plaintiffs appeal.

*John McHenry*, for Appellants, cited, on the question of misjoinder, *Paten v. Gurney*, 17 Mass. 185, and authorities there cited.

*Francis Poe*, for Respondent, cited *Thorne v. Dillingham*, 1 Denio, 254.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The complaint is for damages for deceit, practiced by the defendant upon the plaintiffs, by means of false representations and fraudulent acts connected with the sale of a lot to them, and other conduct in relation to the same subject, and litigation growing out of it. The pleading is lengthy, and is very minute and circumstantial in its statement of the supposed cause or causes of action.

A demurrer was interposed by defendant for, among other causes, a misjoinder of plaintiffs.

This ground is well taken. The complaint does not aver that the wife had any separate or several interest in the purchase money paid for this lot, nor in the business which the defendant is charged with having injured by the imputed frauds. At most, the money, and the property bought, if title passed, would seem to be only common property—being possessed or acquired during coverture. For an injury to this, effected by deceit or otherwise, the husband would be entitled to recover. There is no necessity or reason for joining the wife. For any fraud or deceit practiced by the defend-

ant, whether the injury were wrought through the form of a contract or not—such injury affecting the common property, or the business carried on by means of the common property—the remedy is by the husband alone, who is the representative of the common property, and has the management and control of it.

The possession of the money by the husband and wife, carries no inference that it belonged in separate estate to the wife; and the deed to the husband and wife, or to either, conveys the premises as common property. (Wood's Dig. 488, sec. 9.) The complaint in this case is as if it averred that plaintiff had $3,000, which was the common property of himself and wife; and defendant, by means of certain frauds, obtained the same—in consequence of which acts the plaintiff suffered in his business, etc. It is clear that the gravamen of this action is this deceit and consequent loss of and injury to the common property and business; and the wife, having no present separate interest in this property, or in the recovery, should not join in the action. If the action had been brought for the money the wife could not be joined, and the same rule ought to prevail in an action on the case to recover damages for depriving the plaintiff of the money.

It is not necessary to notice other points, for this is sufficient, as it goes to the whole complaint.

It is immaterial whether the motion to strike out was properly sustained or not; for conceding the appellant to be correct in this respect, the complaint presents, with or without this matter, the same fatal defect.

Judgment affirmed.