[No. 12602.   In Bank. — November 22, 1888.]

## MARY BALDWIN, RESPONDENT, *v.* SECOND STREET CABLE RAILROAD COMPANY, APPELLANT.

MARRIED WOMAN — INJURIES TO PERSON — WHEN MAY SUE ALONE. — A married woman living separate and apart from her husband, by reason of his desertion of her, may sue alone to recover for personal injuries.

ID. — OBJECTION TO NON-JOINDER OF HUSBAND HOW RAISED. — An objection to the non-joinder of the husband, as a party plaintiff, in an action by a wife to recover for injuries to her person, is waived, unless raised by demurrer or answer. It cannot be taken advantage of on motion for nonsuit.

ID. — WIFE IS NECESSARY PARTY PLAINTIFF. — In such an action, the wife is a necessary party plaintiff, and no recovery can be had unless she is joined.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*P. W. Dooner,* and *Chapman & Hendrick,* for Appellant.

The right of action arising from an injury to the person is undeniably property, and where the injury is done to a married woman, it is, of course, property acquired after marriage, and is community property, and the husband alone can maintain an action for it. It is not owned before marriage, and is not acquired by gift, bequest, devise, or descent, and therefore is not the separate property of the wife. (Civ. Code, secs. 162, 164.) Either, then, it is not property at all within the sense of those provisions, or else it is community property. Certainly,

the judgment when recovered is community property, and the right of action must also be community property. The nonsuit, therefore, should have been granted. (Pomeroy's Remedies, sec. 242; *People* v. *Haggin*, 57 Cal. 579; *Greiner* v. *Greiner*, 58 Cal. 116; Civ. Code, sec. 164.)

*Halloway & Kendrick*, for Respondents.

The plaintiff was the real party in interest. (*Matthew* v. *C. P. R. R. Co.*, 63 Cal. 451; *Sheldon* v. *Uncle Sam Steamship Co.*, 18 Cal. 535; 79 Am. Dec. 193; *Fuller* v. *Naugatuck R. R. Co.*, 21 Conn. 574; Boone on Code Pleading, sec. 262.) The objection to the non-joinder of the husband, not having been raised by demurrer or answer, was waived. (Code Civ. Proc., secs. 430, 433, 434; *Pavisich* v. *Bean*, 48 Cal. 364; *Hoop* v. *Plummer*, 14 Ohio St. 449; Pomeroy's Remedies, secs. 207, 208.)

PATERSON, J.—This is an action instituted by the plaintiff to recover damages for personal injuries alleged to have been sustained by her through the negligence of the defendant while she was riding upon one of its cars in the city of Los Angeles. The plaintiff is a married woman, and sues alone.

No objection was made either by demurrer or answer that there was a defect of parties plaintiff, but when the plaintiff had introduced her evidence and rested her case, the defendant moved for a nonsuit, on the ground that the plaintiff was a married woman and not deserted by her husband, and that she was not the real party in interest.

We think that the motion was properly denied. The evidence shows quite clearly that plaintiff is "living separate and apart from her husband by reason of his desertion of her," hence it was unnecessary that he be joined as a party plaintiff. (Code Civ. Proc., sec. 370; *Andrews* v. *Runyon*, 65 Cal. 629.) But even if the evidence failed to show such desertion, the objection urged

on the motion for nonsuit was waived when the defendant failed to raise it by demurrer or answer. (Code Civ. Proc., sec. 434; *Hoop* v. *Plummer*, 14 Ohio St. 449.) Such objection cannot be raised for the first time on motion for a nonsuit. (Boone's Code Pleading, secs. 868, 869.)

The plaintiff is a real party in interest. In *Matthew* v. *C. P. R. R. Co.*, it is said: "The ground of the action is the wife's personal injuries. The cause of action is hers. The husband was only joined as a plaintiff because the common-law rule requiring that he do so is yet in force. But the husband could not himself recover for personal injuries sustained by the wife." (63 Cal. 451.) The wife in such cases is a necessary party. No recovery can be had for such damages in an action to which she is not a party. (*Sheldon* v. *U. S. S. S. Co.*, 18 Cal. 535; 79 Am. Dec. 193; *Fuller* v. *N. R. R. Co.*, 21 Conn. 574.)

On the question of damages, it is enough to say that we think the evidence sufficient to support the verdict.

Judgment and order affirmed.

THORNTON, J., WORKS, J., SHARPSTEIN, J., SEARLS, C. J., and McFARLAND, J., concurred.