[Sac. No. 1938. Department One.—December 13, 1912.]

## BEULAH WORK, Appellant, v. J. D. CAMPBELL, Respondent.

DECEIT—FRAUDULENT REPRESENTATIONS TO WIFE CAUSING SEPARATION FROM HUSBAND.—Where the separation of a husband and wife was the result of her cruel treatment of him, and the sole cause of her conduct was the action of a third person in making to her willfully false representations concerning her husband, for the very purpose and with the design on his part to so influence her as to bring about such a separation, the wife may maintain an action against the person making the false representations to recover damages occasioned her as the result of the separation.

ID.—WHEN ACTION FOR DECEIT WILL LIE.—As a general rule, an action for damages for deceit will lie wherever a party has made a false representation of a material fact susceptible of knowledge, knowing it to be false or not having sufficient knowledge on the subject to warrant the representation, with the intent to induce the person to whom it is made, in reliance upon it, to do or refrain from doing something to his pecuniary hurt, when such person, acting with reasonable prudence, is thereby deceived and induced to so do or refrain, to his damage.

ID.—CONDUCT OF PLAINTIFF DIRECT CAUSE OF RESULT OCCASIONING DAMAGE.—It is no answer to such an action that the action or conduct of the plaintiff is the direct cause of the result occasioning damages. The whole basis of the action is that such act or conduct was fraudulently induced by the defendant.

ID.—CONDUCT VIOLATIVE OF GOOD MORALS OR PUBLIC POLICY.—Under the circumstances alleged in the complaint, it is held that the harsh and cruel conduct of the wife toward her husband, so fraudulently induced and causing their separation, was not so violative of good morals or public policy as to defeat her right to action.

ID.—HUSBAND NECESSARY PARTY PLAINTIFF—FAILURE TO JOIN—WAIVER OF NONJOINDER—DEMURRER.—Notwithstanding the complaint in such action shows upon its face that the plaintiff is a married woman and that she and her husband are not living separate and apart by reason of his desertion of her, and that the husband was a necessary party plaintiff, and that any damages recovered therein would be community property, the failure to join him as such a party is waived, unless objection to his nonjoinder is specially taken by demurrer.

APPEAL from a judgment of the Superior Court of Kings County. John G. Covert, Judge.

The facts are stated in the opinion of the court.

Dixon L. Phillips, and Robert W. Miller, for Appellant.

J. C. C. Russell, for Respondent.

ANGELLOTTI, J.—Defendant's demurrer to plaintiff's amended complaint having been sustained, and plaintiff having declined to amend, a judgment of dismissal was given. This is an appeal by plaintiff from such judgment.

The action is one to recover of defendant fifteen thousand dollars' damages alleged to have been caused plaintiff by reason of the fact that she has become finally separated from her husband, L. B. Work, and has thereby suffered and will continue to suffer great distress of mind and mental anguish, and has lost and will continue to lose forever his society, comfort, love, and affection, as well as the support and maintenance which he would give her. On or about February 15, 1910, the husband "separated from plaintiff, and from their said children, and departed from the said county of Kings, and has gone to parts unknown to plaintiff with intent

to desert and abandon plaintiff." It is not alleged that defendant, who is the husband of an aunt of plaintiff, ever said or did anything to influence the husband to leave plaintiff, or to cause any change of feeling on his part toward her. It is frankly alleged that his departure was caused solely by the fact that she became very angry with him, refused to see him, refused to speak or talk with him, sent him a letter in which she told him that she would hold no further communication with him, but would sue him for a divorce and that she hoped she might never see or speak to him again. Her complaint characterizes her conduct toward her husband, alleged to be the sole inducement for his departure, as "harsh and cruel treatment" of him. The claim of any liability on the part of defendant to her on account of the separation is based on allegations to the effect that her attitude and conduct toward her husband, which caused the separation, were wholly induced by certain false statements knowingly made to her by defendant concerning her husband, which, owing to her confidence and trust in defendant, she fully believed and relied upon, and certain advice and counsel given to her by defendant in the matter, all of which statements and advice were willfully made and given by defendant with the intent and design on his part to cause a separation between plaintiff and her husband. The complaint alleges in detail the alleged statements and advice of defendant in this behalf, and also the object sought to be obtained by him in causing a separation of the husband and wife, but no useful purpose can be subserved by stating these things here. It further alleges that when she discovered the falsity of the representations and the intent and purpose of defendant in making them, she at once instituted diligent search for her husband, but has been unable to ascertain his whereabouts. It is further alleged "that by reason of the premises hereinabove stated, defendant has unlawfully, fraudulently and wrongfully abducted and enticed from the plaintiff her said husband, and that by reason of the said abduction, this plaintiff has suffered," etc., to her great damage in the sum of fifteen thousand dollars.

Under our statutes, a wife may maintain an action for damages suffered by her by reason of the abduction or enticement from her of her husband, as may a husband for the

damages suffered by him for the abduction or enticement from him of his wife, and in such an action by the wife her husband is not a necessary party plaintiff. (See Civ. Code, sec. 49, subds. 1 and 2; *Humphrey* v. *Pope,* 122 Cal. 253, [54 Pac. 847].) It may be assumed, purely for the purposes of this decision, that no cause of action for the abduction or enticement of her husband from her is stated by the wife in her complaint. The direct cause of her husband's departure was, of course, her own conduct toward him, and such departure was in no degree brought about by any statement or act of the defendant, except in so far as his statements and advice to the plaintiff influenced her conduct toward her husband, which was the sole direct cause of his leaving, and of any change in his feelings toward her. It may well be argued that the facts alleged indicate rather an abduction or enticement of the wife from her husband by defendant, for which the husband would have the right to maintain an action for damages against him, than an abduction or enticement from the wife of her husband by defendant. Of course, it may be claimed, with some show of reason, that by means of the fraud practiced upon her the wife was a mere instrument in the hands of defendant by means of which he willfully accomplished the taking away or enticement of her husband from her, and that he is therefore responsible to her in damages as for an abduction or enticement *of the husband.* But it is uncertain whether in any such case where the plaintiff's own conduct in the matter, however produced, is the sole operative cause of the separation, it can fairly be held that he or she may maintain an action based on the theory that another has accomplished the abduction or enticement away of the other spouse, and we prefer to leave the question undecided here, as its determination is not, as we view the case, essential.

We can see no reason why, regardless of the question we have just referred to, the matters alleged in the complaint do not show a cause of action in behalf of plaintiff against defendant. According to the complaint, the sole cause of the conduct of plaintiff causing the separation of the husband and wife, with the same injurious consequences to her that would have followed the abduction or enticement of her husband from her, was the action of defendant in making to her

the willfully false representations concerning her husband, for the very purpose and with the design on his part to so influence her as to bring about such a separation. His deception in the matter was the sole cause of such conduct on her part, and such conduct on her part was tantamount to a refusal by her to continue the relation between her husband and herself of husband and wife. It is declared in section 1708 of the Civil Code that "every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights," and in section 1709, "one who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." These are but statements of the well settled law independent of statute. It is substantially said in 20 Cyc. at page 10, and the statement is well supported by the authorities, that as a general rule, an action for damages for deceit will lie wherever a party has made a false representation of a material fact susceptible of knowledge, knowing it to be false or not having sufficient knowledge on the subject to warrant the representation, with the intent to induce the person to whom it is made, in reliance upon it, to do or refrain from doing something to his pecuniary hurt, when such person, acting with reasonable prudence, is thereby deceived and induced to so do or refrain, to his damage. No reason is apparent to us why the alleged facts set forth in the complaint should not be held to bring the case within the operation of this rule.

It is no answer to such an action that the action or conduct of the plaintiff is the direct cause of the result occasioning damages. Such is the situation wherever such an action is allowed. The whole basis of the action is that such act or conduct is fraudulently induced by the defendant. A is willfully deceived by B into selling goods to C upon credit, by false representations as to C's solvency willfully and knowingly made by B to A for the very purpose of inducing him to so do and thereby suffers a pecuniary injury. The direct and immediate cause of the injury is, of course, the sale by A to C on credit. But B is held liable to A for the damage thereby suffered because by fraud he induced A to make such sale on credit.

It may be urged that a person fraudulently misled cannot found his claim on conduct violative of sound morals or public policy, or of a criminal statute. Here the conduct and attitude of the wife causing the separation was her harsh and cruel conduct toward her husband, her refusal to live with him or to see him, her refusal to further continue the relationship of husband and wife, etc. Of course, all her conduct would have been fully justified if the representations made to her by defendant had been true in point of fact, as the complaint sufficiently alleges that plaintiff believed to be the situation. It has been held that where the fraudulent representation is intended to create and actually does create in the mind of the party a belief that under the circumstances represented the act which he is induced to do is neither illegal nor immoral, he may recover the damages he has sustained even though a statute makes the act a criminal offense. (See 20 Cyc. 80; *Burrows* v. *Rhodes,* [1899], 1 Q. B. 816; *Prescott* v. *Norris,* 32 N. H. 101; *Morrill* v. *Palmer,* 68 Vt. 1, [33 L. R. A. 411, 33 Atl. 829].) We are not called upon to go as far as this in this case. The complaint indicates no criminal offense on plaintiff's part. Certainly, however, under the circumstances stated, it cannot fairly be said that plaintiff did not believe her conduct toward her husband to be in full accord with good morals and public policy, or was not justified in so believing. It is not claimed that the complaint does not sufficiently show that plaintiff acted with reasonable prudence in accepting as true and relying on defendant's statements. In view of the circumstances alleged as to her relationship to defendant, and her confidence and trust in him, we think the complaint is not fatally defective in this regard, although it must be conceded to be somewhat remarkable that a wife having any affection for or confidence in her husband should be willing to accept as true such statements as are here alleged to have been made to her, without making some further inquiry.

We have not found any case in which the remedy of action for damages for deceit has been invoked under such circumstances as appear here. The fact that the case presented is unique in its circumstances is not, however, any warrant for a refusal to apply a rule that appears, on principle, to be applicable. We think the facts confessed by the demurrer

show a liability on the part of defendant to plaintiff for any damage caused her by the loss of her husband.

We are unable to see any force in any other objection made by the demurrer.

It is earnestly urged that the husband is a necessary party plaintiff, and that the ruling of the trial court should be sustained on this ground. Treating the action as purely one for damages for deceit, it may be conceded that defendant had the right to insist that the husband was a necessary party. Under our law in this state, any damages recovered herein, as in actions for damages for personal injury to the wife or one for malicious prosecution of the wife, would be community property, and while, under the decisions, the wife is a necessary party plaintiff in an action for damages for such injuries to her, unless she is living separate and apart from her husband *by reason of his desertion of her,* or by agreement, in writing, she cannot properly sue for such damages without making her husband a party plaintiff. (Code Civ. Proc., sec. 370; *McFadden* v. *Santa Ana etc. Ry. Co.,* 87 Cal. 464, [11 L. R. A. 252, 25 Pac. 681]; *Tell* v. *Gibson,* 66 Cal. 247, [5 Pac. 223]; *McKune* v. *Santa Clara etc. Co.,* 110 Cal. 480, 487, [42 Pac. 980]; *Williams* v. *Casebeer,* 126 Cal. 77, [58 Pac. 380]; *Paine* v. *San Bernardino etc. Co.,* 143 Cal. 654, 658, [77 Pac. 659].) The complaint here shows upon its face that the plaintiff is a married woman, and it may be conceded that it also shows that she and her husband are not living separate and apart *by reason of his desertion of her.* But our Code of Civil Procedure expressly provides among the several grounds of demurrer the ground that there is a defect of parties plaintiff or defendant. (Code Civ. Proc., sec. 430, subd. 4.) No such ground is specified in the demurrer in this case. An objection for nonjoinder of the husband in such an action must be specially urged by demurrer if the matter appears on the face of the complaint, and by answer, if it does not so appear (Code Civ. Proc., secs. 433 and 434), and if not taken either by demurrer or answer, it must be deemed to have been waived. (Code Civ. Proc., sec. 434.) It is not a matter going to the statement of a sufficient cause of action or to the jurisdiction of the court. This was substantially held in *Baldwin* v. *Second Street etc. Co.,* 77 Cal. 390, [19 Pac. 644]. In *Lamb* v. *Harbaugh,* 105 Cal. 680, 690, [39

Pac. 56], the objection was made by way of abatement, in the answer, the facts warranting it not appearing on the face of the complaint.

The judgment is reversed and the cause remanded, with directions to the lower court to overrule the demurrer to plaintiff's amended complaint, with leave to defendant to answer.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.