[Civ. No. 7062. Second Appellate District, Division One.—February 19, 1932.]

DALTON RISLEY et al., Respondents, v. CHARLOTTE CARLIN CLARK et al., Appellants.

Haas & Dunnigan and W. E. McClintock for Appellants.

Murphy & Doherty and William Hinckle for Respondents.

TAPPAAN, J., *pro tem.*—Plaintiffs had judgment below and defendants appeal. Plaintiffs and defendant Clark were the owners of adjoining lots in the same tract. Along the north line of defendant Clark's lot and the south line of plaintiffs' lot there were installed certain conduits for telephone and power wires. Defendant Clark, being desirous of selling her lot, arranged with plaintiffs to sell the north half of their lot to a purchaser secured by her for them, and for plaintiffs to purchase from defendant Clark the north half of her said lot. The result of this plan would be that plaintiffs' lot lines would be moved one-half lot to the south, and that the conduits in place of being on the lot line would be in the middle of the proposed lot. Plaintiffs, upon a realization of this fact, and before they would agree to make the transfer arranged by defendant Clark, required defendant Clark to deposit in escrow the sum of $500 in cash to be used in the removal of the conduits. Subsequently, it was agreed by the parties that, in place of the cash deposited in escrow, a bond executed by defendant Clark, as principal, and defendant Fidelity and Casualty Company, as surety, could be substituted. The bond, thus substituted, is made the basis of this action. This bond is executed by defendants as principal and surety, respectively, runs to plaintiffs and one William Mead, is in the sum of $500, and contains the following clause:

"The condition of the above obligation is such, that, Whereas, the said Principal has sold to Dalton Risley and Mabel Risley, his wife, the North forty feet of Lot Seventy-six, Tract 5337, City of Los Angeles and, Whereas, it develops there are telephone and electric lighting conduits on the North line of said lot, and, Whereas the said Dalton Risley and Mabel Risley, his wife, require that in the event it becomes necessary to remove or lower said conduits within one year from this date, that the said Charlotte Carlin Clark will stand the expense of same, provided the expense of same does not exceed the amount of this bond."

Appellants do not question the fact that respondents expended a sum in excess of $500 in the removal of the conduits, nor do they make any point that the sum so expended was not a reasonable amount for the work done.

■ The first point contended for by defendants upon this appeal is that the evidence is insufficient to support the finding made by the trial court, that within one year it became necessary for plaintiffs to remove the conduits mentioned in the bond. The theory of the defense, as advanced here, is stated by defendants as follows: "We claim that until the parties are actually ready to break ground for the *bona fide* building of a house, that no necessity has arisen." The question here involved is one as to the construction to be placed upon the phrase: "In the event it becomes necessary to remove or lower said conduits" found in the bond.

"Though the agreement of the parties be reduced to writing, if there be a latent ambiguity therein, or if the language of the writing will admit of more than one interpretation, or if the intention of the parties is left in doubt from a reading of the document, parol evidence of the circumstances and of the situation of the parties may be considered in order to ascertain their true intention; and in this manner an issue of fact may be presented to the trial court for its determination." (*Shelley* v. *Byers,* 73 Cal. App. 44, at p. 55 [238 Pac. 177, 181].)

The trial court very properly admitted evidence as to the circumstances surrounding the execution of the bond by defendants. The question thus presented to the court was one of fact. This construction of the phrase made by the trial court and its finding in reference thereto have, in the record, substantial evidence to support them, and may not be questioned upon appeal. There is no evidence to be found in the record that would justify the limited construction contended for by defendants. Counsel have shown commendable diligence in the collection of judicial definitions of the word "necessary". No uniformity can be found in these decisions, but each case appears to have been controlled by its own facts and circumstances.

■ The next ground of appeal advanced by appellants is that the bond here involved is so defective in form that no recovery may be had upon it. The bond, though lacking some of the formal phrases usually found in such instru-

ments, when construed in the light of the surrounding circumstances, leaves no question of doubt as to the intention of the contracting parties. The bond was prepared by the defendants and offered to plaintiffs as a substitute for the cash deposit. The ambiguity, if any there be in the bond, results from a failure on the part of the defendants, who prepared it, to complete the bond in conventional form. At best, but a question of interpretation is presented.

"Our Civil Code (sec. 2837) provides that, in interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts. In *Sather Banking Co.* v. *Briggs Co.,* 138 Cal. 724, this court said (p. 730) [72 Pac. 352, 354]: 'While it is true that a surety cannot be held beyond the express terms of his contract, yet in interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts. Such construction does not mean that words are to be distorted out of their natural meaning, or that, by implication, something can be read into the contract that it will not reasonably bear; but it means that the contract shall be fairly construed with a view to effect the object for which it was given and to accomplish the purpose for which it was designed. The old rule of *strictissimi juris* applies only to the extent, that no implication shall be indulged in to impose a burden not clearly inferable from the language of the contract, but does not apply so as to hold that the contract shall not be reasonably interpreted as other contracts are.' A bond may incorporate, by reference expressly made thereto, other contracts, in which case the bond and contract should be read together and construed fairly and reasonably as a whole according to the intention of the parties." (*Roberts* v. *Security T. & S. Bank,* 196 Cal. 557, 566 [238 Pac. 673, 677].)

There was no ambiguity as to the obligations created by the bond; that is clearly expressed. Such ambiguity as exists is merely the fault of a loose manner of expressing the conditions of the obligation. The interpretation placed upon the bond by the trial court was reasonable and justified by the evidence.

■ Defendants' objection, based upon the ground of nonjoinder of William Mead as a party plaintiff, is without merit. The complaint set up the bond, and thereby

advised defendants of the fact, which they must have known, as they were parties to the bond, that William Mead was named therein. Defendants did not object by way of demurrer to Mead's nonjoinder, nor at any time move the court for an order joining him. There was no evidence before the court that would tend to show that he had any interest in the controversy or was proper or necessary to a final determination of the cause. Appellants have waived any objection they might have had on that account. (*Work* v. *Campbell*, 164 Cal. 343, 349 [43 L. R. A. (N. S.) 581, 128 Pac. 943].)

There is evidence in the record that defendant Clark had notice that the conduits were to be removed. There is nothing in the record to show that either of the defendants objected to the removal or offered to do the removing. In any event, the terms of defendants' obligation was to "stand the expense", not to remove the conduits. The evidence of notice as given was sufficient to sustain the finding of the court.

For the reasons above stated, the judgment appealed from is affirmed. The appeal from the order denying motion for new trial is dismissed.

Conrey, P. J., and Houser, J., concurred.