[Civ. No. 945. Fourth Appellate District.—July 13, 1933.]

EDITH F. DYER, Respondent, v. F. W. HUNTER et al., Appellants.

Adam Thompson and Renwick Thompson for Appellants.

No appearance for Respondent.

TURRENTINE, J., *pro tem.*—Plaintiff instituted this action against defendants as copartners, seeking to recover damages on account of certain alleged fraudulent misrepresentations made by defendants in the sale of corporate stock. The plaintiff and respondent has filed no brief, but on account of the necessity of disposing of the case on the insufficiency of the evidence, we have nevertheless given careful consideration to the entire transcript on appeal.

The salient facts are that the Mission Beach Amusement Corporation was incorporated in October, 1925. Thereafter, on application, the commissioner of corporations of California issued a permit to said corporation to sell its preferred stock to the public at its par value of $10 per share. Thereupon R. E. Hicks was appointed fiscal agent to sell said stock. Said fiscal agent did then contract with defendants as his agents and brokers to sell said stock to the public.

On January 25, 1926, defendants sold to plaintiff 250 shares of said stock for $2,500 and on March 5, 1926, defendants sold plaintiff 500 shares of said stock for $5,000, which stock was duly delivered to plaintiff and for

which she paid the total sum of $7,500. The corporation was formed to erect and operate an amusement center at Mission Beach. Out of profits from the operation of said business the corporation paid a regular quarterly dividend to plaintiff on said stock. At about this time the corporation encountered financial difficulties and did not pay its regular quarterly dividend on October 1, 1926. In 1928 the corporation went into bankruptcy.

When plaintiff did not receive the dividend due in October she first made complaint respecting the sale of the stock to her, claiming that the same was fraudulent on the following grounds: (1) That defendants represented that said stock was a safe investment; (2) that she would receive large dividends therefrom; (3) that defendants were her agents in the purchase and sale of said stock and as such agents had not made a thorough investigation of the financial condition of said company and were guilty of gross negligence amounting to fraud; (4) that defendants had represented said stock to be worth $10 per share; and (5) that said statements were knowingly and falsely made by defendants to plaintiff and that she relied thereon and would not have made said purchases except for said statements.

The complaint does not allege the actual value of the stock at the time of the sale, or the value it would have had, had the stock been as represented. The plaintiff produced no evidence whatever as to the actual value of the stock at the time of the purchase thereof or what value it would have had, had the stock been as represented. Likewise, the findings fail to find the actual value of the stock at the time of the sale, or the value it would have had, had the stock been as represented. It follows that there were no pleadings, evidence or findings before the trial court upon which to base a finding or conclusion that any damage had been suffered by plaintiff at the time of her purchase of the stock. Nor will the evidence that the stock subsequently became valueless supply this defect. It is elemental that proof of damage is necessary to establish a cause of action for fraud (*Work* v. *Campbell*, 164 Cal. 343 [128 Pac. 943, 43 L. R. A. (N. S.) 581]; 20 Cyc., p. 10; 12 Cal. Jur., p. 724, par. 12).

The measure of damages for fraudulent sale of corporate stock is the difference between the actual value of

the stock purchased and the value it would have had, had the property been as represented (*Divani* v. *Donovan*, 214 Cal. 447, 454 [6 Pac. (2d) 247]). Plaintiff should be permitted to amend her complaint if she is so advised.

The judgment is reversed and a new trial ordered.

Barnard, P. J., and Marks, J., concurred.