[Civ. No. 26605. First Dist., Div. One. Sept. 17, 1970.]

ELOISE L. WOLFF et al., Plaintiffs and Respondents, v.
DONALD C. HOAGLUND, Defendant and Respondent;
BURTON E. SMITH, as Real Estate Commissioner, etc.,
Objector and Appellant.

## COUNSEL

Thomas C. Lynch, Attorney General, and Burch Fitzpatrick, Deputy Attorney General, for Objector and Appellant.

Bean & Ames and Gerald B. Ames for Plaintiffs and Respondents.

No appearance for Defendant and Respondent.

## OPINION

**SIMS, J.**—The Real Estate Commissioner, as the respondent to an application filed by plaintiffs as judgment creditors of a licensed real estate salesman under provisions of law governing the Real Estate Education, Research and Recovery Fund (Bus. & Prof. Code, §§ 10470-10483, particuuarly §§ 10471-10474), has appealed from so much of an order awarding each of the plaintiffs $10,000 and directs the payment of such sum to plaintiff Eloise L. Wolff from the fund. He contends that the trial court erred because that plaintiff and judgment creditor was erroneously joined with her husband as a plaintiff in the original action against the salesman which resulted in a joint judgment for the recovery of the value of community property, consisting of cash and real and personal property, which had been turned over to the salesman because of his false and fraudulent misrepresentations. The respondent-plaintiff contends that the commissioner is barred from asserting any misjoinder of parties plaintiff in the original action, and that in any event she had a valid cause of action which entitled her to participate in the original judgment, and so warranted the award which the commissioner now attacks.

For reasons set forth below it is concluded that the commissioner was entitled to a reexamination of the propriety of the judgment insofar as it included the plaintiff wife, and that on the merits there can be but a single recovery from the fund for a cause of action to recover damages for loss of community property.

### Statement of Facts

According to those records of the original action which are not contested, during the first three months of 1966 plaintiffs, as husband and wife, were defrauded of cash in the sum of $27,750 paid by checks signed by Mr. Wolff, on which are imprinted both their names and their address,[1] an equity in their home of a value of $12,000, and personal property of a value of $1,700. On May 18, 1966 they filed a complaint against the salesman, his wife, and others. On September 6, 1966 they filed their first amended complaint for money had and received, fraud and negligence. The prayer of this complaint sought general damages of $41,450 and punitive damages in the sum of $70,000. On October 23, 1967 the salesman and his wife signed and filed an admission of liability and stipulation "Re: Fraud Judgment" in which they in effect confessed judgment for the general

---

[1]Inquiry into whether this account was nominally or actively a joint tenancy account or created by the parties as tenants in common is foreclosed by the stipulation entered into at the hearing, that the property which was turned over to the salesman was community property.

damages of $41,450 sought by plaintiffs, $1,000 cost of suit, $2,900 accrued interest, and punitive and exemplary damages of $9,500 for a total of $54,850. Judgment was entered accordingly on October 23, 1967 in favor of both plaintiffs jointly.

On April 8, 1968 plaintiffs jointly filed their application for an order directing that the commissioner "pay to Plaintiffs and each of them from the Real Estate Education, Research and Recovery Fund the sum of $10,000.00 to each of the two said Plaintiffs for a total of $20,000.00. . . ."[2] At the hearing on the application (see § 10472 (Stats. 1963, ch. 1426, § 3, p. 2969)) no issue was raised concerning the showing required by the law except insofar as the commissioner contended that the only possible recovery from the fund was $10,000, because the statute contemplated the payment of only $10,000, on a single judgment, and because Mrs. Wolff did not have a valid judgment since her husband had management and control of the community property and she was therefore not a necessary nor a proper party to the earlier suit.

The trial court determined that each plaintiff was an "aggrieved person" and that each had obtained "a final judgment" within the purview of the provisions of section 10471 (see fn. 2 above). Since the statute at all times contemplated and contemplates a maximum liability of $20,000 for any one licensee (§ 10474), the court felt warranted in awarding $10,000 to each plaintiff, and entered its order accordingly.

*Misjoinder of Parties*

With exceptions not material here, the law of this state has always provided that the husband has the management and control of the community,

---

[2]Business and Professions Code section 10471, then (Stats. 1963, ch. 1426, § 3, p. 2969), and at all times relevant to this proceeding, provided, "When any aggrieved person obtains a final judgment in any court of competent jurisdiction against any person licensed under this part, upon grounds of fraud, misrepresentation or deceit with reference to any transaction for which a license is required under this part and which cause of action occurred on or after July 1, 1964; the aggrieved person may, upon termination of all proceedings including reviews and repeals in connection with the judgment, file a verified application in the court in which the judgment was entered for an order directing payment out of the Real Estate Education, Research and Recovery Fund of the amount of actual damages up to the sum of ten thousand dollars ($10,000) of the amount unpaid upon the judgment.

"A copy of the verified application must be served upon the commissioner and a certificate or affidavit of such service filed with the court."

The section was amended in 1968 (Stats. 1968, ch. 330, § 1, p. 712) and 1969 (Stats. 1969, ch. 729, § 2, p. 1463). Of significance to this case was the addition in 1969 of the following proviso at the end of the first paragraph: ". . . provided that nothing shall be construed to obligate the fund for more than ten thousand dollars ($10,000) per transaction regardless of the number of persons aggrieved or parcels of real estate involved in such transaction."

personal and real, property. (Civ. Code, §§ 5125 and 5127, and former §§ 172 and 172a; and Stats. 1850, ch. 103, § 9, p. 254, as amended.)

In *Barrett* v. *Tewksbury* (1861) 18 Cal. 334, the court upheld a judgment entered after a demurrer had been sustained for misjoinder of parties plaintiff. It ruled, "The complaint in this case is as if it averred that plaintiff had $3,000, which was the common property of himself and wife; and defendant, by means of certain frauds, obtained the same—in consequence of which acts the plaintiff suffered in his business, etc. It is clear that the gravamen of this action is this deceit and consequent loss of and injury to the common property and business; and the wife, having no present separate interest in this property, or in the recovery, should not join in the action. If the action had been brought for the money the wife could not be joined, and the same rule ought to prevail in an action on the case to recover damages for depriving the plaintiff of the money." (18 Cal. at p. 337. See also *Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 567-568 [110 P.2d 1025]; *Cutting* v. *Bryan* (1929) 206 Cal. 254, 258 [274 P. 326]; *Spreckels* v. *Spreckels* (1897) 116 Cal. 339, 349 [48 P. 228]; *Yearout* v. *American Pipe & Steel Corp.* (1946) 74 Cal.App.2d 139, 143-144 [168 P.2d 174]; *Johnson* v. *National Surety Co.* (1931) 118 Cal.App. 227, 229-230 [5 P.2d 39]; *Secondo* v. *Superior Court* (1930) 105 Cal.App. 179, 181-182 [286 P. 1089]; and *Sternes* v. *Sutter Butte Canal Co.* (1929) 99 Cal.App. 465, 471-472 [278 P. 921].)

It is suggested that the adoption of the provisions now found in Civil Code section 5105[3] by the enactment of former section 161a in 1927 changed the rule referred to above. In *Grolemund* v. *Cafferata* (1941) 17 Cal.2d 679 [111 P.2d 641], the court reviewed the statutory provisions which have been referred to above. The court observed, "That the addition in 1927 of section 161a, defining the interests of the spouses in community property, did not change the rule vesting in the husband the entire management and control of the community property is manifest by the express recognition accorded sections 172 and 172a in the later statute. [Citations.]" (17 Cal.2d at p. 684.) It concluded, "Since it is our opinion that the enactment of section 161a of the Civil Code, defining the interests of the spouses in community property, has not altered the situation with respect to the wife's interest remaining subject to the husband's power of management and control, all community property, whether acquired prior to or subse-

---

[3]Civil Code section 5105 provides: "The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 5125 and 5127. This section shall be construed as defining the respective interests and rights of husband and wife in community property."

quent to July 29, 1927 (the effective date of this statute), is liable for satisfaction of the husband's debts." (*Id.*, p. 689.)

■ The plaintiff wife also relies on the principle that an objection for nonjoinder or misjoinder if not taken by either demurrer or answer must be deemed to have been waived. (Code Civ. Proc., § 434; cf. § 430, subd. 4 and § 433; and see *Sanderson* v. *Niemann, supra,* 17 Cal.2d 563, 568; *Work* v. *Campbell* (1912) 164 Cal. 343, 349 [128 P. 943]; *Baldwin* v. *Second Street Cable R.R. Co.* (1888) 77 Cal. 390, 391-392 [19 P. 644]; *Tissot* v. *Throckmorton* (1856) 6 Cal. 471, 473; *Security-First Nat. Bank* v. *Cooper* (1944) 62 Cal.App.2d 653, 664 [145 P.2d 722]; *Webb* v. *Tischauser* (1928) 89 Cal.App. 267, 272-273 [264 P. 526]. Note also *Louie* v. *Hagstrom's Food Stores, Inc.* (1947) 81 Cal.App.2d 601, 615 [184 P.2d 708]; and *Ades* v. *Brush* (1944) 66 Cal.App.2d 436, 450 [152 P.2d 519], where wife treated as agent of the husband in acting for the community.)

In this case there was no opportunity for the commissioner to demur to or answer the original complaint against the salesman. He raised his objection at the earliest opportunity when the plaintiff's application came on for hearing. Under these circumstances there was no waiver on the part of the commissioner. Any waiver by the licensee does not bind the commissioner. Under the provisions of section 10473, as they read at the time[4] the commissioner was given the "right to answer and defend any such action against the [fund] . . . and . . . recourse to any appropriate method of review on behalf of the fund to include . . . such other action as may be appropriate before the court." It was (and is) expressly provided, "He shall not be bound by any prior compromise of the judgment debtor." The licensee by failure to object by demurrer or answer, and by stipulating to a judgment in favor of the plaintiffs jointly, could not create rights in the wife which were not subject to review at the behest of the commissioner. (Cf. *Smith* v. *Broderick* (1895) 107 Cal. 644, 650 [40 P. 1033]; and *Spencer* v. *Vigneaux* (1862) 20 Cal. 442, 449.)

---

[4]Section 10473 formerly (Stats. 1963, ch. 1426, § 3, p. 2970) provided: "Whenever the court proceeds upon an application as set forth in Section 10471, the commissioner shall have the right to answer and defend any such action against the Real Estate Education, Research and Recovery Fund on behalf of the fund and in the name of the defendant and shall have recourse to any appropriate method of review on behalf of the fund to include examination of witnesses, introduction of evidence and such other action as may be appropriate before the court.

"The judgment set forth in the application shall be considered the only prima facie evidence and the findings of fact therein shall not be conclusive for the purposes of this article.

"The commissioner may, subject to court approval, compromise a claim based upon the application of an aggrieved party. He shall not be bound by any prior compromise of the judgment debtor."

In 1968 (Stats. 1968, ch. 330, § 4, p. 714) the section was recast and clarified.

The wife's judgment cannot be justified on the theory that the wife may sue to set aside a gift of community property. (See Civ. Code, §§ 5125 and 5127, former §§ 172 and 172a; and *Britton* v. *Hammell* (1935) 4 Cal.2d 690, 692 [52 P.2d 221].) In the first place, despite the husband's lack of business sagacity, there was no gift involved. Secondly, the husband in the exercise of his management and control of the community property was competent to and in fact did bring an action to recover damages for the salesman's deceit. Thirdly, even if it be assumed that the wife could sue on the husband's failure so to do (see *Louie* v. *Hagstrom's Food Stores, Inc., supra,* 81 Cal.App.2d 601, 615; and *Ades* v. *Brush, supra,* 66 Cal.App.2d 436, 450), the recovery would constitute community property under the control and management of the husband, with no separate interest in the wife.

Nor is the wife aided by the fact that she may be a necessary party to effect rescission. The gravamen of plaintiffs' complaint is the deceit of the salesman, and the judgment awards damages accordingly. It is alleged that plaintiffs offered to rescind by tendering to the defendant salesman the practically worthless property which was deeded to them. It may be assumed that both husband and wife would have to join (see Civ. Code, § 5127, former § 172a) for the purpose of reconveying to the defendant. (See *Jurgens* v. *New York Life Ins. Co.* (1896) 114 Cal. 161, 164-165 [45 P. 1054, 46 P. 386].) Nevertheless, such joinder would not warrant a judgment in her favor for community property which should be awarded to the husband for his management and control.

It is obvious, however, that the recovery from the fund in this matter should not depend on the intricacies of pleading in the original action. If in the case of community property both husband and wife should receive $10,000, under the law as it existed at the time of the application under review in these proceedings, they should be so compensated regardless of the form of the pleadings. If the community should receive but one award, that should be true regardless of the form of the prior judgment.

*Community Property*

Since 1927 the respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests. (Civ. Code, § 5105, former § 161a, fn. 3 above.) Plaintiff wife urges that the statute should be liberally construed, and that, at least in this case where there is, as noted by the trial judge, literal compliance with the provisions of the statute, the award should be made to each of the two parties with present, equal and existing interests in the judgment, despite the fact that the judgment represents community property.

■ An examination of the statute, however, indicates that the fund is financed (§ 10470) by fees exacted from licensed brokers and salesmen. Recovery from the fund is limited to circumstances where the defrauding licensee has no assets from which to satisfy the judgment (§ 10472), and recovery is limited in the amount payable to any one judgment creditor (§ 10471), and with respect to the amount allocable for the liability of any one licensee (§ 10474). From the foregoing it appears that the Legislature intended minimum and limited rather than maximum benefits to those otherwise qualifying.

If an award is made to both the wife and husband, the sum recovered by the former, under principles reviewed above, would be subject to management and control of the husband. If double recovery is allowed on that basis that each spouse has a separate beneficial interest in the cause of action and judgment against the licensee, it is difficult to distinguish the case of a trustee, executor, administrator, or other representative, who, on being defrauded, could insist on an award from the fund for each of the persons beneficially interested in the cause of action thereby arising, if other factors for recovery were present. It is concluded that the husband, as manager of the community property, is alone entitled to an award from the fund, and that the wife gained no greater rights by the stipulated judgment.

It is recognized that many married couples may hold their property as joint tenants or as tenants in common. If it be assumed that prior to the 1969 amendments each cotenant could secure an award within the statutory maximum, there will be an obvious difference in the result, depending upon the manner in which the property is held.[5] This distinction would be warranted, however, if at the time of the fraud, misrepresentation or deceit of the licensee, the wife not only held a present, existing and equal interest with her husband, but also an interest which she could manage and control, and sever by deed to a third party or by action for partition.

The order is reversed.

Molinari, P. J., and Elkington, J., concurred.

---

[5]Plaintiff wife urges that adverse social and public policy implications will flow from the contention made by the commissioner and embraced by the court, because it will promote the division of community property into separate property, either by gifts, mutual agreement, and/or divorce proceedings. A statement of that proposition reveals its fatuity. Married couples do not adjust their property rights in the hope and expectation of being defrauded.