[Civ. No. 37946. First Dist., Div. Three. Apr. 14, 1976.]

WILLIAM H. SHIRAI et al., Plaintiffs and Respondents, v.
ROBERT W. KARPE, as Real Estate Commissioner, etc.,
Defendant and Respondent;
JOHN B. BEZICH et al., Claimants and Appellants.

**COUNSEL**

Cummins, Holmes & O'Day, Donald D. Cummins, Roger M. Hughes, Saveri & Saveri and Richard Saveri for Claimants and Appellants.

No appearance for Defendant and Respondent;

Williams, Van Hoesen & Brigham and Robert S. Epstein for Plaintiffs and Respondents.

**OPINION**

**DRAPER, P. J.**—California has provided a fund for limited reimbursement of parties defrauded by licensed real estate brokers or salesmen performing acts for which a license is required. (Bus. & Prof. Code, §§ 10470-10483.) Reimbursement is granted only to one who has obtained final judgment against the licensee (§ 10471) and has been unable to satisfy the judgment. (§ 10472.) Recovery from the fund is limited to $10,000 for any one defrauded person (§ 10471) and to $20,000 ($40,000 if "the cause of action occurred on or after January 1, 1975") for acts of any one licensee. (§ 10474.)

Here, plaintiffs had judgment for $9,333.33 against D'Orazi in an action based upon his fraud as a real estate broker. They sought unsuccessfully to recover upon the judgment, and then applied for an order directing the Real Estate Commissioner to pay that amount from the above fund. The application was filed in the action brought against D'Orazi, and under the same heading, save that the commissioner was added as a named defendant. The commissioner answered by mere

denials. At noticed hearing, plaintiffs made the showing required. (§ 10472.) After an interlocutory order dated July 22, 1974, the trial court on August 28, 1974, signed "judgment" ordering the commissioner to pay $9,333.33 from the fund. Notice of entry of judgment was served by mail September 20, 1974. The commissioner filed notice of appeal November 18.

On November 26, the commissioner filed a petition alleging that he had learned of other persons asserting claims against the fund on account of D'Orazi's actions. The commissioner sought 1) an order vacating the order for full payment to plaintiffs from the fund, 2) grant of his petition to pro rate, 3) an order directing claimants against the fund under D'Orazi's license to file their claims with the court, 4) an order for publication of notice to file claims. The petition named as defendants in the action three new sets of claimants. The trial judge denied the motion to vacate his earlier order, but did order publication of notice to all claimants to file by January 31, 1975. Some five claims, totalling well over $20,000, were filed. Hearing upon the pro rate issue was held February 13. The trial judge ordered that the claim of plaintiffs Shirai be paid in full from the fund and that the remaining claims, if properly established, participate pro rata in the remaining $10,666 available for the clients of D'Orazi. The commissioner dismissed his appeal from the original order on December 6, 1974. He did appear, by counsel, at the hearing of February 13, but does not appeal from the ensuing judgment. Only the several claimants later than the Shirais appeal.

Respondents Shirai argued, and the trial court held, that the August order for payment from the fund to respondents was final, and therefore could not be disturbed by a later order reducing the payment to a mere pro rata sharing.

But the statute (§ 10474.5) specifically provides for distribution of the maximum recovery ($20,000) among all entitled "without regard to the order of priority in which their respective judgments may have been obtained or their claims have been filed." The allowance of any recovery at all from the state is a matter of legislative beneficence. There is no constitutional or common law liability of the state to one defrauded by a realtor. It follows that the Legislature may place limits upon its gratuitous grant. " '[T]he Legislature intended minimum and limited rather than maximum benefits to those otherwise qualifying.' " (*Nordahl* v. *Department of Real Estate*, 48 Cal.App.3d 657, 661 [121 Cal.Rptr. 794], quoting *Wolff* v. *Hoaglund*, 11 Cal.App.3d 227, 234 [89 Cal.Rptr. 778].)

Respondents' assertion of priority because their order is "final" is but an assertion of the priority of judgment or order which is specifically proscribed by the very legislation under which they seek to recover. We cannot accept their argument.

Respondents point to the portion of section 10474.5 which directs payment in the ratio of each claim to the aggregate claims "or in such other manner as the court deems equitable." They suggest that the trial court acted under the quoted phrase in giving priority to their claim. Review of the record, however, discloses that the only "equity" suggested by the trial court was diligence of respondents in pursuing their remedies against the licensee and the commissioner. These are the priorities proscribed by the statute. Thus they cannot prevail. Respondents also argue that section 10474.5 requires pro rating only of "valid" claims, and that appellants cannot share because they had not fully established their claims when payment to respondents was ordered. But to accept this argument would similarly defeat the stated statutory purpose of avoiding priorities based upon time of judgment or order.

■ Respondents also contend that appellants are not parties to the action, and thus have no right to appeal. But they became parties by filing their claims against the fund in response to the published order of the trial court requiring all claims to be filed by a fixed date. It is true that this order was made slightly more than 60 days after notice to the commissioner of entry of the order against the fund, but the commissioner had filed notice of appeal on the 59th day, and the order in respondents' favor thus was not final. This procedural thicket results from the failure of the statute to require publication of notice to prospective claimants upon the filing of any claim, or at least to fix a cut-off date for filing of claims. It seems unlikely that reallocation is meant to extend over an indefinite period—perhaps even after payment of one or several claimants, thus requiring repayment to the fund. Yet the current failure to provide any procedural program leaves such problems entirely open and unresolved.

Section 10474.5 provides that "the court may require all claimants and prospective claimants against one licensee to be joined in one action. . . ." The reference to "prospective claimants" clearly contemplates consideration of claims not filed when the first action is brought. That legislative purpose would be defeated by denying an appeal to the obviously aggrieved appellants who seek only that equality of proportionate payment which the statute grants them. We urge legislative

consideration of clarifying amendments, but in the instant case feel constrained to carry out the apparent legislative intent by remanding the present case.

Judgment reversed, with directions to the trial court to determine the validity of appellants' claims against the fund, and to direct proportionate sharing by all qualified claimants, including respondents, in the amount available from the fund.

Brown (H. C.), J., and Devine, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.