[Civ. No. 41603. First Dist., Div. Three. Nov. 16, 1978.]

DAVID H. FOX, as Real Estate Commissioner, etc.,
Plaintiff and Appellant, v.
PRIME VENTURES, LTD., et al., Defendants and Respondents.

COUNSEL

Evelle J. Younger, Attorney General, and Julian O. Standen, Deputy Attorney General, for Plaintiff and Appellant.

Anastasi & Vogel, Anastasi, Vogel & Nielsen, Bernard J. Vogel, Jr., Watson & Hoffe and Douglas E. Swager for Defendants and Respondents.

OPINION

SCOTT, J.—This action arises out of the Real Estate Education, Research and Recovery Act (Bus. & Prof. Code, § 10470 et seq.),[1] which under certain circumstances provides compensation to persons defrauded by real estate licensees. The liability of the Real Estate Fund (hereafter Fund) is limited to $10,000 per transaction (§ 10471), and $20,000 per licensee for causes of action occurring between July 1, 1964 and January 1, 1975 (§ 10474, subd. (a)). The limit is $40,000 for causes of action occurring after January 1, 1975 (§ 10474, subd. (b)).

The cause of action in the instant case accrued in 1973, placing the maximum liability of the Fund at $20,000 per licensee. The issue on appeal is whether the limit for one or two licensees is applicable. Each of the respondents, Prime Ventures, Ltd., Keys Marina, Inc. and Wesley

---

[1] All statutory references are to the Business and Professions Code, unless otherwise indicated.

Mart, obtained a final and uncollectible fraud judgment against Charles Heneveld and Sather Gate Mortgage Co., Inc. The obtaining of such a judgment is a prerequisite for the presentation of a valid application for payment from the Fund (§ 10471). At the time of the fraud in question, both Heneveld and Sather Gate were licensed as real estate brokers by the Department of Real Estate. Heneveld was the designated officer of Sather Gate, pursuant to section 10211. The aggregate amount of the judgment against Heneveld and Sather Gate awarded the three respondents herein far exceeded any amounts payable by the Fund pursuant to the act. Upon receipt of respondents' application for payment the appellant, Real Estate Commissioner of the State of California (Commissioner), responded by filing a petition, pursuant to section 10474.5, for a proration of the Fund's maximum liability on Heneveld's and Sather Gate's licenses.

The trial court determined, upon the basis of the stipulated facts, that respondents were entitled to recover upon the license of Heneveld and the license of Sather Gate. The stipulated facts provide, in essence, that Heneveld purchased the corporation, Sather Gate Mortgage Co., Inc., without any capital investment by pledging the corporate assets to secure the purchase price, and intended to use the corporate shell as a means of inducing the belief by respondents that the corporation was an established business concern. In 1973, respondents deposited in corporate trust accounts sizeable sums of money, which thereafter were fraudulently withdrawn by Heneveld for his personal use. The monies in question were deposited with Sather Gate pursuant to a written agreement with the corporation, and withdrawn by Heneveld in violation of that agreement. Heneveld was the president of Sather Gate; real estate licenses were held by both Heneveld and Sather Gate.

A literal reading of section 10474[2] alone would suggest that the overall limit in this case would be $40,000 because two licenses were involved in the frauds, the individual license of Heneveld and the corporate license of Sather Gate, and both licensees were defendants in the fraud actions. However, when the limitations of section 10471[3] are also considered, it is

---

[2]Section 10474 provides in relevant part as follows:

"Notwithstanding any other provision of this article, the liability of that portion of the separate account in the Real Estate Fund for education, research, and recovery purposes allocated for the purposes of this article shall:

"(a) Not exceed twenty thousand dollars ($20,000) for any one licensee for which the cause of action occurred on or after July 1, 1964, and prior to January 1, 1975.

"(b) Not exceed forty thousand dollars ($40,000) for any one licensee for which the cause of action occurred on or after January 1, 1975."

[3]Section 10471 provides in relevant part as follows:

"When any aggrieved person obtains a final judgment in any court of competent

concluded that the trial court should have prorated the claims on the basis of a single license.

Section 10471 defines the acts for which the Fund will protect the creditor and limits the amount payable to any one judgment creditor. The section contemplates that the fraud will arise from the acts of the licensee in a real estate transaction, and that no more than $10,000 will be recovered for a single transaction. The fact that two or more licenses are involved in a single transaction does not produce a greater than $10,000 recovery. ■ The Commissioner argues that there was only a single act from which liability arose, the act of entrusting funds. This is correct. The funds were entrusted to Sather Gate, which could only act through its qualified officers, in this case through Heneveld. The fact that its qualified officer held his own license was a mere irrelevancy: Heneveld did nothing in his individual capacity he could not have done without a license. Here in each act of entrustment and misappropriation, there was still a single real estate. transaction, a single license performing acts requiring a license and, therefore, it is concluded, a single license within the meaning of section 10474.

The limitation of section 10474 is in addition to the transactional limitation of section 10471, and cannot enhance a recovery already limited by section 10471. If one transaction involved one license, two licenses or more, there can be but $10,000 recovery because of section 10471. In order to give complete effect to the transaction limit of section 10471, the "transaction" limitation must be read into section 10474. Since the additional license did not add another "transaction," it should not double the $20,000 limit of section 10474, subdivision (a).

Citing *Nordahl v. Department of Real Estate* (1975) 48 Cal.App.3d 657 [121 Cal.Rptr. 794], respondents point out that the provisions of the act are remedial and should be liberally construed in favor of granting relief

jurisdiction against any person or persons licensed under this part, under grounds of fraud, misrepresentation, deceit, or conversion of trust funds arising directly out of any transaction when the judgment debtor was licensed and performed acts for which a license is required under this part, and which cause of action occurred on or after July 1, 1964, the aggrieved. person may, upon the judgment becoming final, file a verified application in the court in which the judgment was entered for an order directing payment out of the separate account in the Real Estate Fund for education, research, and recovery purposes of the amount of actual and direct loss in such transaction up to the sum of ten thousand dollars ($10,000) of the amount unpaid upon the judgment, provided that nothing shall be construed to obligate such separate account for more than ten thousand dollars ($10,000) per transaction regardless of the number of persons aggrieved or parcels of real estate involved in such transaction."

to the defrauded parties. Consistent with that liberal interpretation, respondents urge that the requirement that the transaction arise from an act "for which a license is required" was intended to limit recovery for the wrongful acts of a licensed broker that arose out of a real estate transaction, as opposed to some nonreal estate transaction; this limitation of liability should be imposed *only* if the transaction is not a real estate transaction.

When urged for a liberal construction, to allow a double recovery for loss of community property, the court in *Wolff* v. *Hoaglund* (1970) 11 Cal.App.3d 227, 234 [89 Cal.Rptr. 778], stated: "An examination of the statute, however, indicates that the fund is financed (§ 10470) by fees exacted from licensed brokers and salesmen. Recovery from the fund is limited to circumstances where the defrauding licensee has no assets from which to satisfy the judgment (§ 10472), and recovery is limited in the amount payable to any one judgment creditor (§ 10471), and with respect to the amount allocable for the liability of any one licensee (§ 10474). From the foregoing it appears that the Legislature intended minimum and limited rather than maximum benefits to those otherwise qualifying."

In a great majority of cases, the victim is defrauded by a real estate licensee who has only an individual license or by a corporate licensee whose designated officer is not individually licensed. Here, by chance, respondents were defrauded by a corporation whose designated officer was individually licensed. The victims lost no more by the additional license.

We conclude that the transaction giving rise to the judgments in the instant case arose out of acts for which only one license was required. As such, the limit of the liability of the Fund is $20,000, in accordance with section 10474.

Judgment is reversed with directions to enter judgment in accordance with the views herein expressed.

White, P. J., and Feinberg, J., concurred.

A petition for a rehearing was denied December 15, 1978.