Ivadell G. MOE, et al., Respondents,

Frederick W. Johnson, et al., Respondents,

Forrest T. Monson, et al., Respondents,

Bruce A. Norback, et al., Respondents,

Willis N. Skiff, et al., Respondents,

Rosenthal Furniture Company Pension Plan and Trust, Respondent,

Howard Pearson, et al., Respondents,

Paul Eger, et al., Respondents,

Willard O. Whalen, et al., Respondents,

Marcella Yaeger, Respondent,

Clarence Schlauderaff, Respondent,

Wendell A. Ferguson, Respondent,

Michelle Egan (Sheehy), et al., Respondents,

v.

The CENTURION INVESTMENT COMPANY et al., Defendants,

and

State of Minnesota, by Mary Alice Brophy, Its Commissioner of Securities, Appellant.

No. 49697.

Supreme Court of Minnesota.

April 18, 1980.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Thomas R. Muck, Asst. Atty. Gen., and Barry R. Greller, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Robins, Davis & Lyons, James R. Safley, Deborah J. Palmer and Barry G. Reed, Minneapolis, for Minnesota Ass'n of Realtors.

Peterson, Engberg & Peterson and Avron L. Gordon, Minneapolis, for Moe, Fallon, Rasmussen, Kersten, Pagerl, R. Pates, E. Pates, Roberts, H. Norman and G. Norman.

Hvass, Weisman & King and Richard A. Williams, Jr., Minneapolis, for Egan et al.

Lommen & Cole, Phillip A. Cole and Thomas E. Peterson, Minneapolis, for Yaeger.

John M. James, Minneapolis, for Pearson et al.

Courey & Smith and James S. Reece, Minneapolis, for Johnson et al.

Faegre & Benson and Randy L. Miller, Minneapolis, for Monson et al.

Popham, Haik, Schnobrich, Kaufman & Doty and Gary R. Macomber, Minneapolis, for Norback et al.

John R. Person, Minneapolis, for Skiff et al.

Shanedling, Phillips, Gross & Aaron and Richard T. Wylie, Minneapolis, for Rosenthal Furniture Co. Pension Plan & Trust.

Moosbrugger & Murray and Gordon C. Moosbrugger, St. Paul, for Eger et al.

Segal & Roston and David G. Roston, Minneapolis, for Whalen et al.

Holst, Vogel, Erdmann & Vogel and Milton I. Holst, Red Wing, for Schlauderaff.

Thiel, Sorenson, Thiel & Campbell and Alan C. Thiel, Minneapolis, for Ferguson.

Heard before PETERSON, TODD and YETKA, JJ., and considered and decided by the court en banc.

KELLY, Justice.

This action was originally commenced by claimants Moe and Fallon against Chamberlain and The Centurion Investment Company in connection with their purchases of assignments of vendor's interests in fraudulent contracts for deed. For purposes of this appeal the parties agree that the following summary of facts in the action between Moe, Fallon, Chamberlain and The Centurion Investment Company are representative of the additional 36 claimants' claims against the Real Estate Education, Research and Recovery Fund (Fund), Chamberlain and The Centurion Investment Company.

Moe purchased vendor's interests in four contracts for deed from defendants for $20,621.29. Fallon purchased vendor's interests in two contracts for deed from defendants for $8,541. To induce these sales Chamberlain represented that he or Centurion Investment Company owned and held marketable title to the underlying real estate and that the contracts for deed were therefore fully secured. At the time of sale neither Chamberlain nor the corporation held title to these properties or any valid interest in them. After payments stopped on their contracts, Moe and Fallon commenced their suit against Chamberlain and Centurion Investment Company. A default judgment was entered against defendants. The district court awarded Moe $25,536.28 in compensatory damages and $20,000 in punitive damages. Fallon received $10,957.48 in compensatory damages and $20,000 in punitive damages.

Pursuant to Minn. Stat. § 82.34 (subd. 7) (1978), Moe and Fallon filed applications in the district court for payment of the unsatisfied portions of their judgments from the Fund. Thirty-six additional claimants with similar claims against Chamberlain and Centurion Investment Company were joined and their claims consolidated in the statutory claim proceeding pursuant to Minn. Stat. § 82.34 (subd. 12(b)) (1978) by order of the district court. The district court determined that Moe and Fallon had valid claims against the Fund under Minn. Stat. § 82.34 (subd. 7) (1978) and that they complied with the provisions of Minn. Stat. § 82.34 (subd. 8) (1978). The court held that they were entitled to an order from the Commissioner directing payment to them in an amount determined to be properly distributable from the Fund.

Subsequently, the Commissioner moved for partial summary judgment requesting the district court to hold that the Fund's maximum liability as regards *all* 38 claimants was $20,000. The district court denied the motion and held the Fund's maximum liability as regards *each* claimant was $20,000. The court certified the following question on appeal pursuant to Minn.R.Civ. App.P. 103.03(i):

What limitations apply under Minn. Stat. § 82.34 (1976) to the liability of the Minnesota Real Estate Education, Research and Recovery Fund in cases where multiple claimants establish valid claims based upon independent transactions, in an aggregate amount in excess of $20,000, on account of the actions of a single licensee?

In addition, Moe and Fallon argue that Minn. Stat. § 82.34 (1978) is susceptible of an alternate construction in which the Fund would not only be obligated for demands up to $20,000 to claimants defrauded by a single licensee but also for additional amounts not otherwise allocated to education or research by the Commissioner.[1] The district court stayed hearings on the applications for recovery against the Fund by the other 36 claimants pending disposition of this appeal.

The Minnesota Real Estate Education, Research and Recovery Fund was established by the Legislature in 1973 as part of a thorough revision and reenactment of the

1. The Minnesota Association of Realtors as amicus curiae contends that the 38 claims are not valid claims. We do not reach this issue because the Association neither administers the Fund nor is a party to the claim proceeding below. The Commissioner is the proper party to raise this issue and while he may do so in a later appeal it has not now been raised by him in this appeal.

statute governing the licensing of real estate brokers and salespersons. One purpose of the Fund is to provide for real estate education and research. Another purpose of the Fund is to pay certain unpaid judgments against real estate licensees. Minn. Stat. 83.34 (subd. 6) (1978). The money to pay these claims originally accrued through a one-time special fee assessment against all licensed real estate brokers and salespersons. The Fund is to be maintained at a minimum level of $200,000 through similar one-time assessments against new licensees and through provision for annual assessments against all licensees when necessary to maintain the $200,000 minimum. Minn. Stat. § 82.34 (subds. 3, 4) (1978). In providing for recovery against the Fund, the Legislature placed several specific limitations on the Fund's liability, including limitations as to the type of judgment that may be paid, the type of "loss" which may be paid, the amount payable on any one judgment, the amount payable for losses incurred in any one transaction, and the amount payable for the acts of any one licensee. Minn. Stat. § 82.34 (subds. 7, 8, 12) (1978).

### I.

Appellant, Commissioner of Securities (Commissioner), and the Minnesota Association of Realtors (Association), as amicus curiae, argue that the district court erred in its construction of Minn. Stat. § 82.34 (1978) because Minn. Stat. § 82.34 (subd. 12(a)) (1978) is unambiguous and expressly provides that the Fund's liability for any one licensee is limited to $20,000 regardless of the number of claimants or transactions. That section provides:

Notwithstanding any other provision of this section, the liability of that portion of the real estate education, research and recovery fund allocated for the purposes of this section shall not exceed $20,000 for any one licensee.

They contend that the statute is not ambiguous and is not subject to judicial construction. *Knopp v. Gutterman*, 258 Minn. 33, 40, 102 N.W.2d 689, 695 (1960).

Respondents Moe and Fallon argue that the statute is ambiguous because it provides for a single transaction liability limitation as well as a single licensee liability limitation. The single transaction limitation of liability is found in Minn. Stat. § 82.34 (subd. 7) (1978) and provides:

When any aggrieved person obtains a final judgment in any court of competent jurisdiction against any person licensed under this chapter, on grounds of fraudulent, deceptive or dishonest practices, or conversion of trust funds arising directly out of any transaction when the judgment debtor was licensed and performed acts for which a license is required under this chapter, and which cause of action occurred on or after July 1, 1973, *the aggrieved person may*, upon the judgment becoming final, and upon termination of all proceedings, including reviews and appeals, *file a verified application in the court in which the judgment was entered for an order directing payment out of the real estate education, research and recovery fund of the amount of actual and direct loss in such transaction up to the sum of $20,000 of the amount unpaid upon the judgment, provided that nothing in this chapter shall be construed to obligate the fund for more than $20,000 per transaction regardless of the number of persons aggrieved or parcels of real estate involved in such transaction*. A copy of the verified application shall be served upon the commissioner and upon the judgment debtor, and a certificate or affidavit of such service filed with the court. (Emphasis added.)

Thus, respondents contend, the question arises as to which of the two liability limitations control in this case.

The Commissioner argues that the two sections do not conflict because the single licensee liability limitation is in addition to the single transaction liability limitation. Therefore, the Commissioner maintains that the district court erred when it likened the situation of the 38 claimants in this case to a situation where ten different investors in ten separate transactions deal with ten different realtors. In the latter situation it is

clear that each investor would be entitled to a maximum recovery of $20,000 against the Fund. The district court held that in light of the Fund's remedial purpose the legislature did not intend to distinguish that situation from one in which ten investors living in ten different areas of Minnesota are defrauded in independent transactions by one real estate broker. The Commissioner argues that this is exactly what the legislature intended to do when it provided "Notwithstanding any other provision of this section" the liability of the fund for the acts of any one licensee shall not exceed $20,000. Minn. Stat. § 82.34 (subd. 12(a)) (1978).

In *In re Jones,* 310 Minn. 500, 246 N.W.2d 578 (1976), this court construed the statutory limitation as to the nature of the "loss" payable from the Fund. We noted the similarity between the Minnesota and California real estate recovery fund statutes and relied on California cases decided under their statute in construing the Minnesota statute. *Id.* at 505, 246 N.W.2d at 581. This court stated in dicta that "[t]he statute limits recovery for all claims against a single licensee to the sum of $20,000." *Id.* We also said that the existence of the "per licensee" limitation suggests that the Commissioner of Securities, as administrator of the Fund, must follow specific statutory procedures to insure an equitable division of the proceeds payable to all claimants on behalf of one licensee. *Id.* at 506, 246 N.W.2d at 582.

■■■■ Although there are no California cases precisely on point, the posture and outcome of cases construing California's single transaction liability limitation [2] and the order of priority between judgments under the statutory joinder procedure [3] convince us that the single licensee limitation on liability should be given effect despite the fact that the statute is remedial in nature. As stated by the court in *Shirai v. Karpe,* 57 Cal.App.3d 276, 279, 127 Cal.Rptr. 549, 551 (Ct.App.1976):

The allowance of any recovery at all from the state is a matter of legislative beneficence. There is no constitutional or common law liability of the state to one defrauded by a realtor. It follows that the Legislature may place limits upon its gratuitous grant.

Were this court to adopt the district court's construction the statutory joinder procedure in Minn. Stat. § 82.34 (subd. 12(b)) (1978) would be rendered superfluous because it contemplates joinder in cases where the total claims against one licensee exceed $20,000. That section provides:

If the $20,000 liability of the real estate education, research and recovery fund is insufficient to pay in full the valid claims of all aggrieved persons by whom claims have been filed against any one licensee, such $20,000 shall be distributed among them in the ratio that their respective claims bear to the aggregate of such valid claims or in such other manner as the court deems equitable. Distribution of such moneys shall be among the persons entitled to share therein, without regard to the order of priority in which their respective judgments may have been obtained or their claims have been filed. Upon petition of the commissioner, the court may require all claimants and prospective claimants against one licensee to be joined in one action, to the end that the respective rights of all such claimants to the real estate education, research and recovery fund may be equitably adjudicated and settled.

The single transaction and single licensee liability limitations do not conflict and are not ambiguous. It is clear that the legislature intended to limit recovery to $20,000 for the acts of a single licensee because it provided for joinder of all potential claimants against a single licensee and for their pro rata recovery from the Fund. Minn. Stat. 82.34 (subd. 12(b)) (1978).

2. *Dombalian v. Fox,* 88 Cal.App.3d 763, 152 Cal.Rptr. 86 (Ct.App.1979); *Wolff v. Hoaglund,* 11 Cal.App.3d 227, 89 Cal.Rptr. 778 (Ct.App. 1970).

3. *Fox v. Prime Ventures, Ltd.,* 86 Cal.App.3d 333, 150 Cal.Rptr. 202 (Ct.App.1978).

## II.

Respondents argue that the 38 claimants are each entitled not only to a maximum recovery of $20,000 but also to complete compensation when the Fund is possessed of assets greater than $200,000 and those assets have not been specifically allocated to research and education by the Commissioner. Minn. Stat. § 82.34 (subds. 4, 5, 6) (1978). The respondents base this argument on Minn. Stat. § 82.34 (subd. 14) (1978) which provides:

> If, at any time, the money deposited in the real estate education, research and recovery fund and allocated for purposes other than real estate education and research is insufficient to satisfy any duly authorized claim or *portion thereof*, the commissioner shall, when sufficient money has been deposited in the real estate education, research and recovery fund, satisfy such unpaid claims or portions thereof, in the order that such claims or portions thereof were originally filed, plus accumulated interest at the rate of four percent a year. (Emphasis added.)

■ The inherent problem with this argument is that this subdivision contemplates a situation in which a duly authorized claim of $10,000 could not immediately be paid because the Fund's balance was $5,000. Such a claimant would have to await replenishment of the Fund to recover the remaining $5,000 of his claim. "Portion thereof" clearly refers to its immediate referent, "duly authorized claim." A "duly authorized claim" incorporates the single transaction and licensee liability limitations. Therefore, respondents' argument that the entire judgment against a licensee, as opposed to "a duly authorized claim" against the Fund, may be fully compensated from monies in excess of the $200,000 designated to the recovery fund and not yet designated as research and education monies must fail because they do not contend that the Fund is insufficient to satisfy their "duly authorized claims."

The order of the district court denying the Commissioner's motion for partial summary judgment is reversed. The district court shall enter partial summary judgment in the Commissioner's favor on the issue of the Fund's maximum liability of $20,000 to all claimants for the acts of a single licensee.

Reversed and remanded.